**Allena Burge SMILEY, D.M.D.,
Plaintiff–Appellant,**

v.

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, d.b.a. The
Hartford, Smile Brands, Inc., d.b.a.
Valley Forge Dental of Florida, P.A.,
d.b.a. Bright Now! Dental, Defen-
dants–Appellees.**

No. 15–10056
Non–Argument Calendar.

United States Court of Appeals,
Second Circuit.

July 17, 2015.

Nicholas E. Karatinos, Law Office of
Nicholas E. Karatinos, Lutz, FL, for Plain-
tiff–Appellant.

Elizabeth J. Bondurant, Nikole M.
Crow, Womble Carlyle Sandridge & Rice,
LLP, Atlanta, GA, Lee W. Marcus, Marcus
& Myers, PA, Orlando, FL, Russell S.
Buhite, Golden Scaz Gagain, PLLC, Tam-
pa, FL, Shane Haselbarth, Marshall Den-
nehey Warner et al Law Office, Philadel-
phia, PA, for Defendant–Appellees.

Before MARCUS, WILLIAM PRYOR,
and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Allena Smiley appeals the dis-
trict court's order granting summary judg-
ment in favor of Defendants Hartford Life
and Accident Insurance Company ("Hart-
ford") and Smile Brands, Inc. ("Smile
Brands") on Smiley's claims for statutory
penalties and attorney's fees pursuant to
the Employee Retirement Income Security
Act of 1974, 29 U.S.C. § 1001, et seq.
("ERISA"). Generally, we review ques-
tions of law, including orders on summary
judgment, *de novo*. *Byars v. Coca–Cola
Co.*, 517 F.3d 1256, 1263 (11th Cir.2008).
However, we review a district court's deci-
sion whether to impose statutory penalties
and attorney's fees under ERISA for an
abuse of discretion. *Id.* at 1263, 1269.
Finding no error, we affirm.

ERISA authorizes district courts to im-
pose a daily penalty upon any plan admin-
istrator that "fails or refuses to comply
with a request for information which such
administrator is required ... to supply to
a participant or a beneficiary." 29 U.S.C.
§ 1132(c)(1). Specifically, ERISA requires
a plan administrator to furnish the follow-
ing upon request: "the latest updated
summary, plan description, and the latest
annual report, any terminal report, the
bargaining agreement, trust agreement,
contract, or other instruments under which
the plan is established and operated." 29
U.S.C. § 1024(b)(4). A plan administrator
is either "the person specifically so desig-
nated by the terms of the instrument un-
der which the plan is operated," 29 U.S.C.
§ 1002(16)(A)(i), or a company acting as a
plan administrator, *see Hunt v. Hawthorne
Assocs., Inc.*, 119 F.3d 888, 915 (11th Cir.
1997).

First, the district court correctly con-
cluded that Hartford, a third-party claims
administrator, was not the plan adminis-
trator and therefore not subject to statuto-
ry penalties under § 1132(c)(1). Smile
Brands' Long Term Disability Plan ("the
Plan") expressly identified Smile Brands
as the plan administrator. Further, Hart-
ford was not the *de facto* administrator.
We have consistently rejected the use of
the *de facto* plan administrator doctrine

"where a plaintiff has sought to hold a third-party administrative services provider liable, rather than the employer...." *Oliver v. Coca Cola Co.*, 497 F.3d 1181, 1194 (11th Cir.2007), *reh'g granted, opinion vacated in part on other grounds*, 506 F.3d 1316 (11th Cir.2007) *and adhered to in part on reh'g sub nom.*, 546 F.3d 1353 (11th Cir.2008). As in *Oliver*, the record demonstrates that Smile Brands retained the authority to make final decisions on appeal from the claims administrator, Hartford. *See id.* at 1195. Thus, Hartford was not the plan administrator, either in name or in fact, and was not liable for failing to furnish Smiley with certain Plan documents.

Second, the district court did not abuse its discretion in refusing to impose statutory penalties on Smile Brands. The disclosure penalty provision of § 1132(c) "is meant to be in the nature of punitive damages, designed more for the purpose of punishing the violator than compensating the participant or beneficiary." *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1232 (11th Cir.2002). As the district court concluded, the facts of this case do not warrant punishing Smile Brands because it did not refuse or fail to provide Smiley with the Plan documents.

Smiley contacted Smile Brands and received the relevant Plan documents no later than February 29, 2012. When Smiley's benefits were subsequently terminated, she again requested the documents, but this time she directed her request to Hartford, which in turn provided an outdated address for Smile Brands. The same outdated address is listed in the Plan documents. Notwithstanding the fact that counsel for Dr. Smiley had several times successfully contacted Smile Brands at its correct, Irvine, California address, Smiley sought to obtain Plan documents this second time from Smile Brands by letter addressed to the outdated Santa Ana, California address listed in the summary plan description. The letter was returned as undeliverable. Accordingly, Smile Brands had no knowledge that Smiley was attempting to obtain the same Plan documents until it was served with Smiley's amended complaint on February 11, 2014.

In sum, there is no evidence that Smile Brands refused or failed to provide Smiley with the relevant documents, which were already in her possession. Given these facts, we cannot say that the district court abused its discretion in denying disclosure penalties, and Smiley has not proffered any case law that suggests otherwise. In addition, the district court did not err in considering, in part, the absence of prejudice, bad faith, and harm to Smiley in determining whether to exercise its discretion. Although a plaintiff need not demonstrate any of the forgoing to obtain § 1132(c) penalties, a court may consider those factors, among others, in making its determination. *See Byars*, 517 F.3d at 1271; *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1494 (11th Cir.1993).

Finally, because Smiley failed to obtain any success on the merits of her claims against Hartford or Smile Brands, she is not entitled to attorney's fees under 29 U.S.C. § 1132(g). *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255, 130 S.Ct. 2149, 2158, 176 L.Ed.2d 998 (2010) (requiring a claimant to show "some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)" (internal quotation omitted)).

AFFIRMED.